Argued April 17, reversed and remanded May 6, 1974

GILMORE, *Petitioner, v.* OREGON STATE
PENITENTIARY, *Respondent.*

521 P2d 1313

*John K. Hoover,* Deputy Public Defender, Salem,
argued the cause for petitioner. With him on the brief
was Gary D. Babcock, Public Defender, Salem.

*Scott McAlister,* Assistant Attorney General, Salem,
argued the cause for respondent. With him on the brief
were Lee Johnson, Attorney General, and W. Michael
Gillette, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and THORNTON and
TANZER, Judges.

## SCHWAB, C. J.

Petitioner was found guilty by a prison disciplinary committee of fighting with another inmate. At the disciplinary hearing petitioner admitted he was guilty of being in a "simple fist fight." The balance of the hearing was devoted to ascertaining the circumstances of the fight — whether weapons were involved, who was the aggressor, etc. This was regarded as relevant to the appropriate sanction for the disciplinary committee to impose. The committee sentenced petitioner to serve 180 days in segregation, with 130 days suspended. Petitioner appeals pursuant to ORS 421.195.

The dispositive question is whether prison officials violated their own procedural rule governing representation of inmates at disciplinary hearings. The rule reads:

> "In a disciplinary committee hearing, upon a showing of need based upon consideration of language barriers, competency and capacity of the resident in relation to the charge or surrounding circumstance, provision may be made for assistance by a representative of the resident in the interest of a fair hearing. Such representation may be by a member of the staff or a volunteer resident." Rule IV (2).

We have previously upheld this rule against statutory and constitutional attacks. *Bonney v. OSP,* 16 Or App 509, 519 P2d 383 (1974). We have, however, required that prison officials follow their own procedural rules in disciplinary cases. *Moore v. OSP,* 16 Or App 536, 519 P2d 389 (1974); *Keele v. OSP,* 17 Or App 343, 521 P2d 1313 (1974).

In this case, prior to the disciplinary hearing Superintendent Cupp appointed Mr. Oliver, Prison Ombudsman, to represent petitioner at the hearing. At the beginning of the hearing Mr. Oliver protested that he had not been furnished certain written reports and thus had not been able to prepare a defense. Some discussion about the reports sought — their nature is not clear from the record — and the possibility of a postponement followed. This discussion concluded with Mr. Oliver stating, "since I don't feel * * * that I have had adequate opportunity to prepare then I ask that I be permitted to withdraw as his [petitioner's] representative." The committee granted this request. Petitioner then stated, "I'd like to have Paul Akin represent me. There is provision in this [the procedural rules] for inmates to represent other inmates." The committee denied petitioner's request.

We hold it was error to do so. Rule IV (2) requires that an inmate make a "showing of need" based on the circumstances of the case before a representative will be appointed. *See, Bonney v. OSP,* supra. Petitioner was successful in demonstrating the need for representation when he convinced Superintendent Cupp to appoint the Ombudsman to represent him. Although the Ombudsman was permitted to withdraw as petitioner's representative, the previously demonstrated need for assistance still existed, absent a showing of a change of circumstances. Rule IV (2) requires that a substitute representative be appointed. However, Rule IV (2) does not require that the substitute representative be the person named by petitioner.

It may well be that it was a mistake to permit the Ombudsman to withdraw as petitioner's representative, rather than simply postpone the hearing to allow suffi-

cient time for preparation. Be that as it may, that possible mistake cannot excuse noncompliance with the applicable procedural rules.

Reversed and remanded.